COBB, Judge.
The issue in this case is whether the trial court erred in determining that appellee George Maxwell was covered by an automobile insurance policy issued by appellant Nationwide Mutual Fire Insurance Company (Nationwide).
On October 3, 1981, a 1978 Mercury Zephyr owned by Maxwell but operated by Joyce Adams, a friend, collided with a vehicle owned by Conley and Vickie L. Evans, and the Evanses sued Maxwell and Adams. Maxwell brought a declaratory action, seeking a declaration that Nationwide was obligated to provide coverage and a defense to the primary action under his automobile policy issued by Nationwide.
Maxwell originally had automobile coverage with Nationwide on a 1978 Dodge and on the 1978 Mercury Zephyr. At trial, Maxwell, an attorney, testified that he sent a letter to Nationwide dated July 2, 1981, which was written by Maxwell’s secretary and signed with a “facsimile stamp” of his signature, requesting that the following *669 changes be made to his policy: “Delete the 1978 Dodge ... Add a 1978 four-door Mercedes 300D, Vehicle ID No. ..along with a check for $120.55 as a premium for both cars. He stated that the semi-annual premium was $240.10 for the 1978 Dodge and the 1978 Mercury, and that “pursuant to long-standing procedure with [his] agent, when a semi-annual premium might be too much to pay at that moment, [Maxwell] would make a fractional payment and this would be half of that two hundred and forty dollars and ten cents plus fifty cents added.” Maxwell further testified he did not receive a notice of cancellation from Nationwide or a notice that the insurance policy would not be renewed. Maxwell did receive a check from Nationwide dated August 25,1981, which he cashed; he testified he thought it was an adjustment because he had added the Mercedes and deleted the Dodge. Maxwell admitted he paid no additional premiums between June, 1981, and December, 1981, other than the $120.55 payment.
Trial testimony adduced on behalf of Nationwide indicated that Maxwell’s request to remove the 1978 Dodge and add the 1978 Mercedes increased rather than decreased the premium charge. The renewal date was June 24, 1981, and the first premium notice in the amount of $240.00 did not reflect the change of cars; consequently, an amended premium notice was sent to Maxwell on July 1, 1981, reflecting the change and requesting $284.20 for a six-months premium. Nationwide only received $120.55 from Maxwell, which was applied to the total amount owed. An additional billing was generated for $163.65 and was sent to Maxwell. Nationwide received no further payment. After a termination notice dated August 4, 1981, was sent out and no payment was received, Nationwide sent Maxwell the cancellation refund check on August 25, 1981. Copies of the termination notice and the cancelled check were introduced into evidence by Nationwide.
Another termination notice was submitted into evidence by Maxwell, this being a “certified copy” of the original termination notice. The copy was obtained by Maxwell from Nationwide in January, 1986. This copy was identical to the termination notice submitted into evidence by Nationwide, except that it reflected a preparation date of July 15, 1981, rather than August 4, 1981.
The foregoing discrepancy in dates on the termination notices prompted the trial judge to enter final judgment in favor of Maxwell. Nationwide appeals, and we reverse.
The judgment of the trial court read, in pertinent part:
1. That the Third Party Defendant, NATIONWIDE MUTUAL INSURANCE CO., had a duty to convey notice of cancellation to the Third Party Plaintiff, GEORGE W. MAXWELL, in a clear manner.
2. That the notice of cancellation by the Third Party Defendant, NATIONWIDE MUTUAL FIRE INSURANCE CO., was not clear and done in a confusing manner; therefore, the Third Party Defendant, NATIONWIDE MUTUAL FIRE INSURANCE CO., failed to meet this duty.
3. That there is coverage afforded under the policy of insurance between the Third Party Plaintiff, GEORGE W. MAXWELL, and the Third Party Defendant, NATIONWIDE MUTUAL FIRE INSURANCE CO.
It is clear that the trial court did not find that Maxwell did not receive notice of cancellation; on the contrary, it found that the notice was “confusing.” This can only be a finding that the notice was confusing to Maxwell and, therefore, it was received by him. He could not have been confused by a notice he did not receive. We disagree that the notice in evidence was legally insufficient. Moreover, it is undisputed that the termination notice, whether dated July 15, 1981, or August 4, 1981, preceded the date of the accident well in excess of ten days.[1]
*670 As an additional basis for our determination, we find that the information attached to the August 25, 1981, cancellation refund check itself, admittedly received and cashed by Maxwell, was sufficient to apprise him of the termination of his policy. The trial court’s judgment should have been for Nationwide. Accordingly, the final judgment entered below is
REVERSED and REMANDED.
DAUKSCH and DANIEL, JJ., concur.

. Section 627.728(3)(a), Florida Statutes (1981), provided:
*670 (3)(a) No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured’s insurance agent at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days’ notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy to which this section applies shall be effective unless the reason or reasons for cancellation accompany the notice of cancellation.